**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TIMOTHY HILL, 08028889,** | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **No. 3:09-CV-149-O** |
| | ) |
| **RICHARD THALER,** | ) |
| **Director TDCJ-CID,** | ) |
| **Respondent.** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge follow:

**PROCEDURAL BACKGROUND**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254.  Petitioner

challenges his convictions for aggravated sexual assault in cause numbers F9751992-V and

F9777009-V (292nd Jud. Dist. Ct., Dallas County, Tex).  Petitioner was sentenced to twenty two

years confinement in each case, to run concurrently.

Petitioner did not appeal his conviction.  He filed a state petition for writ of habeas

corpus and a state petition for DNA testing.  Those petitions are currently pending.  (Motion to

Dismiss, Ex. A).

**EXHAUSTION OF STATE COURT REMEDIES**

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See*

28 U.S.C. § 2254(b).  This entails submitting the factual and legal basis of any claim to the

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A

Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for

discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793

F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A

federal habeas petition that contains unexhausted claims must be dismissed in its entirety.

*Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner's state habeas petitions are currently pending. He has therefore

not yet exhausted his state remedies.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas

corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state

court remedies, complete exhaustion assists the federal courts in their review because federal

claims that have been fully exhausted in state courts will necessarily be accompanied by a more

complete factual record. *See Rose v. Lundy,* 455 U.S. 509,  518-19 (1982).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the

habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 9th day of November, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).